UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: EPHEDRA PRODUCTS LIABILITY LITIGATION | 04 MDL 1598 (JSR) |
| IN RE: MUSCLETECH RESEARCH AND DEVELOPMENT, INC., et al.,<br><br>Foreign Applicants in Foreign Proceedings. | 06 Civ. 538 (JSR) |
| IN RE: RSM RICHTER, INC., as Foreign Representative of MuscleTech Research and Development, Inc. and its subsidiaries,<br><br>     Plaintiffs,<br><br>     v.<br><br>**SHARON AGUILAR**, an individual, et al.,<br><br>     Defendants. | 06 Civ. 539 (JSR)<br><br>**FINAL ORDER AUTHORIZING RELEASE OF ESCROW FUNDS AND APPROVING COMPROMISE OF CLAIMS OF MINORS** |
| **PERTAINS TO THE FOLLOWING CASE:**<br><br>McLaughlin v. MuscleTech Research & Development, Inc., et al.<br>No. 1:07-cv-02816 | |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-27-07

AND NOW, this 26th day of _April_, 2007, upon consideration

of the Settlement Agreement and Release among the Plaintiff, the Defendants, and RSM Richter,

Inc., in its capacity as the court-appointed monitor (the "Monitor") and foreign representative of

Defendant MuscleTech Research and Development, Inc. ("MuscleTech") and certain of its

subsidiaries, and upon consideration of the Escrow Agreement (the "Escrow Agreement") among

the Plaintiff, counsel for the Plaintiff, the Monitor, and Duane Morris LLP, as escrow agent (the

"Escrow Agent"), and (a) having determined that the Plaintiff's attorney's fees, as modified by

this Court in the closed hearing in this matter on April 5, 2007, are reasonable, (b) having

considered the Plaintiff's objection to the 6% assessment on the Settlement Amount (as defined

in the Settlement Agreement) described at ¶ 2 of Case Management Order No. 7 and the

response of the Plaintiffs' Coordinating Counsel thereto, and (c) it appearing to the satisfaction

of the Court that it would be in the best interests of Ryan McLaughlin and Mark McLaughlin,

minor children of the deceased, Laurie McLaughlin (the "Minor Children"), to settle their claims

against the Defendants pursuant to the terms of the Settlement Agreement and Release and the

Escrow agreement, it is hereby **ORDERED** as follows:

1.      The Plaintiff, Timothy A. McLaughlin, as parent and natural guardian of the

Minor Children, is hereby authorized and permitted to compromise and settle the claims of the

Minor Children on their behalf against the Defendants pursuant to the terms of the Settlement

Agreement and Release and the Escrow Agreement, conditioned upon compliance with the

remaining provisions of this Order;

2.      The Plaintiff's recovery, individually and as Special Administrator of the Estate

of Laurie McLaughlin, deceased, shall be assessed at the rate of 6% of the gross value of the

Settlement Amount (the "Assessed Amount"). The Escrow Agent shall promptly pay into the

Court the Assessed Amount out of the Escrow Fund (as defined in the Escrow Agreement), in

accordance with the procedures described in Case Management Order No. 7 ¶ 2(c). The Payer

Statement to be submitted by the Escrow Agent in conjunction with payment of the Assessed

Amount shall name the Escrow Agent as the "Payer," and, in accordance with Case Management

Order No. 17, shall reflect that 2/3 of the Assessed Amount is to be directed to the Ephedra

Plaintiffs' Common Attorney Fee Fund (the "Fee Fund"), and 1/3 of the Assessed Amount is to

be directed to the Ephedra Plaintiffs' Common Expense Fund (the "Expense Fund").

3.      The Escrow Agent is authorized to release to the Plaintiff's counsel from the

Escrow Fund the difference between the Settlement Amount and, collectively, (a) the Assessed

Amount, in accordance with the procedures described at ¶ 2(c) of Case Management Order No.

7, and (b) the total combined cost of two annuities to be purchased by the Escrow Agent on

behalf of the Minor Children, with the following future periodic payments to be payable to the

Minor Children, said periodic payments to be provided through a qualified assignment to

Prudential Assigned Settlement Services Corporation (the "Assignee"), and the issuance of

annuity contracts from The Prudential Insurance Company of America:

### Ryan McLaughlin

$19,825.00 payable on September 22, 2012, guaranteed;

Commencing July 1, 2013, $12,500.00 payable semi-annually for 4
years guaranteed (final guaranteed payment due on January 1,
2017); and

$51,587.00 payable on September 22, 2019, guaranteed.

### Mark McLaughlin

$21,510.00 payable on April 14, 2015, guaranteed;

Commencing July 1, 2015, $14,000.00 payable semi-annually for 4
years guaranteed (final guaranteed payment due on January 1,
2019); and

$61,589.00 payable on April 14, 2022, guaranteed.

DM1 1086872.2

4.      All funds that the Escrow Agent releases to the Plaintiff's counsel shall be distributed by the Plaintiff's counsel between the recovery of the Plaintiff, in his individual capacity, the attorney's fees of the Plaintiff's counsel, and the payment of expenses, as ordered by the Court in the closed hearing on this matter on April 5, 2007.

**SO ORDERED**

This *26th* day of ___*April*___, 2007.

_____

Hon. Jed S. Rakoff, U.S.D.J.

4